IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HENRY DEWITT,**

    **Petitioner,**

**vs.**                                                     **4:12cv106-SPM/WCS**

**FLORIDA DEPT. OF CHILDREN AND FAMILIES,**
**et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS PETITION

Henry Dewitt submitted a peleading titled "Motion Seeking Writ of Habeas Corpus for Petitioner[']s Release," originally titled (before it was edited in ink) as "Motion Seeking Prohibitions for Petitioner[']s Release and Further Interference." Doc. 1. It is styled for the Third Judicial Circuit in and for Columbia County, Florida, but it bears a handwritten annotation at the top that this motion was denied by Judge Ryan in Columbia County.

The envelope was addressed to:

Clerk of Court
District Court of Appeal
First District
State of Florida

Tallahassee, Florida
32399-09502

Despite the style and mailing address, it was delivered to this United States District Court. The first paragraph does reference 28 U.S.C. §§ 2241 and 2254, however, and petitions under those sections are filed in federal court. The clerk assigned a civil case number and identified this as a 42 U.S.C. § 1983 civil rights proceeding. Petitioner did not pay a filing fee or file a motion to proceed in forma pauperis.

This is essentially a habeas corpus petition and summary dismissal is appropriate. It is not at all clear that Petitioner intended to file his petition here. But assuming it was his intent to file in this court, venue is not appropriate here,[1] and he is not entitled to seek the same relief in multiple cases. Petitioner challenges his continued civil detention at the Florida Civil Commitment Center in Arcadia, Florida. He has a § 2254 proceeding in the Jacksonville Division of the Middle District of Florida, in which he is represented by counsel, also challenging this continued civil commitment under the Jimmy Ryce Act. Dewitt v. Secretary Luci Hadi, 3:07cv439-TJC/MCR. That case was administratively closed but counsel filed a status notification as recently as January 25, 2012. Doc. 31 in that file. Counsel expressed the intention to file a federal

---

[1] Petitioner filed a § 2254 petition in this district before, which was transferred to the Middle District as the district of both confinement and conviction. Dewitt v. State of Florida, 4:09cv257-SPM/WCS. Upon transfer the case was assigned number 2:09cv608-UA-DNF in the Fort Myers Division of the Middle District, and Petitioner voluntarily dismissed the petition. Cases from other districts referenced herein are available in PACER (Public Access to Court Electronic Records).

Case No. 4:12cv106-SPM/WCS

habeas corpus petition after exhausting available state court remedies.  *Id.*[2]  Based on that case in the Jacksonville Division, an emergency petition for writ of habeas corpus filed in the Fort Myers Division was dismissed as an unauthorized second or successive § 2254 petition.  <u>Dewitt v. Dept. of Children and Families</u>, 2:08v138-JES-SPC, docs. 5 (order) and 6 (judgment entered on the docket February 21, 2008).

Even if the current petition is not second or successive,[3] it is improper for Petitioner to challenge the same confinement by separate suits filed in different courts.  Any argument in support of § 2254 relief should be made by counsel for Petitioner in the Jacksonville habeas corpus proceeding.  A copy of this report and recommendation will be sent to counsel for his information.

This is not Petitioner's first § 2254 petition; he has another § 2254 proceeding pending in which he has the benefit of counsel.  Summary dismissal of this petition will not render a subsequent proceeding second or successive.  There is therefore no need to give Petitioner advance notice that the court is recharacterizing the pleading as an

---

[2] Attachments to the status notification include the Circuit Court's order denying habeas corpus relief on January 11, 2012, and Petitioner's notice of appeal of that order dated January 24, 2012.  Doc. 31 in that file, attachments (docs. 31-1 and 31-2 in ECF (Electronic Case Filing))

[3] As the other case remains pending, there apparently has not been any adjudication of the merits or dismissal with prejudice, and a subsequent petition would not necessarily be considered second or successive.  Petitions dismissed without prejudice as containing unexhausted claims, as opposed to petitions dismissed with prejudice as procedurally barred, generally do not render a subsequent petition second or successive.  See <u>Graham v. Costello</u>, 299 F.3d 129, 133  (2nd Cir. 2002) (collecting cases).  "[O]ur distinction between petitions that are denied 'on the merits' and those that are not does not depend on whether the federal court actually determined the merits of the underlying claims but rather on whether the prior denial of the petition conclusively determined that the claims presented could not establish a ground for federal habeas relief."  *Id.*

initial § 2254 motion.  *Compare* <u>Castro v. United States</u>, 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).

Section 2254 Rule 11(a) provides that, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).  There is no substantial showing of the denial of a constitutional right,§ 2253(c)(2), and it is recommended that the court deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed.R.App.P. 24(a)(3)(A) (before or after a notice of appeal is filed, the court may certify the appeal is not in good faith or the party is not otherwise entitled to appeal in forma pauperis).

Accordingly, it is **ORDERED** that the clerk shall **FORWARD** a copy of this report and recommendation to Mark Alexander, Florida Bar No. 434078, 225 Water Street, Ste 1200, Jacksonville, FL 32202.

It is further respectfully **RECOMMENDED** that this cause, docketed by the clerk as a civil rights proceeding but more in the nature of habeas corpus, be **SUMMARILY DISMISSED**, that a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida on March 13, 2012.

  s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**